**PETER W. TILL, ESQ.**
**LAW OFFICES OF PETER W. TILL**
105 Morris Avenue - Suite 201
Springfield, New Jersey 07081
(973) 258-0064 telephone
(973) 258-0478 facsimile

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

GEORGE R. LAUFENBERG,                  :

    Plaintiff,                        :        Case No.:

    -vs-                              : **COMPLAINT AND JURY DEMAND**

NORTHEAST CARPENTERS' FUNDS  :
a/k/a NORTHEAST REGIONAL
COUNCIL OF CARPENTERS            :
("Northeast Regional Council");
NEW JERSEY CARPENTERS HEALTH:
FUND; NEW JERSEY CARPENTERS'
FUND; NEW JERSEY CARPENTERS'   :
PENSION FUND; ROBERT NAUGHTON,
Labor Trustee of Northeast Regional   :
Council of Carpenters' Fund; ROBERT
SATRIANO, Labor Trustee of Northeast :
Regional Council of Carpenters' Fund;
MICHAEL SHANAHAN, Labor Trustee
of Northeast Regional Council of
Carpenters' Fund; WILLIAM
SPROULE, Labor Trustee and          :
President of Northeast Regional Council
of Carpenters' Fund; FREDERICK      :
SWAYZE, JR., Labor Trustee of
Northeast Regional Council of         :
Carpenters' Fund; ROBERT TARBY,
Labor Trustee of Northeast Regional
Council of Carpenters' Fund;
ANTHONY VERRELLI, Labor Trustee   :
of Northeast Regional Council of
Carpenters' Fund; PETER             :

WOODWARD, Labor Trustee of
Northeast Regional Council of                      :
Carpenters' Fund;
JOHN BALLANTYNE, Labor                             :
Trustee and Executive Secretary-
Treasurer of Northeast Regional                    :
Council of Carpenters' Fund;
WILLIAM BANFIELD, Labor                            :
Trustee and Second Vice President of
Northeast Regional Council of                      :
Carpenters' Fund;
SCOTT COLTON, Labor Trustee of                     :
Northeast Regional Council of
Carpenters' Fund;                                  :
MICHAEL DeROSA, Labor Trustee and
Executive Board Member of Northeast                :
Regional Council of Carpenters' Fund;
DAVID HAINES, Labor Trustee and                    :
First Vice President of Northeast
Regional Council of Carpenters' Fund;              :
PAUL LEO, Labor Trustee of Northeast
Regional Council of Carpenters' Fund;              :
ALEX LOPEZ, Labor Trustee of
Northeast Regional Council of                      :
Carpenters' Fund; THOMAS MAIRS,
Labor Trustee of Northeast Regional                :
Council of Carpenters' Fund; JAMES
MALCOLM, Labor Trustee of Northeast                :
Regional Council of Carpenters' Fund;
JOHN DeLOLLIS, Management                          :
Trustee of Northeast Regional Council
of Carpenters' Fund;                               :
ROBERT EPIFANO, Management
Trustee of Northeast Regional Council              :
of Carpenters' Fund; GLENN GARLATTI,
Management Trustee of Northeast                    :
Regional Council of Carpenters' Fund;
EARL R. HALL, Management Trustee of                :
Northeast Regional Council of Carpenters'
Fund; MARK HALL, Management                        :
Trustee of Northeast Regional Council
of Carpenters' Fund; TODD                          :
HELFRICH, Management Trustee of
Northeast Regional Council of                      :
Carpenters' Fund; AARON HILGER,
Management Trustee of Northeast                    :

2

Regional Council of Carpenters' Fund;
ERIC JENSEN, Management Trustee          :
of Northeast Regional Council of
Carpenters' Fund; BRAD JORREY,           :
Management Trustee of Northeast
Regional Council of Carpenters' Fund;    :
JACK KOCSIS, Management Trustee
of Northeast Regional Council of         :
Carpenters' Fund; JAMES LOGAN,
Management Trustee of Northeast          :
Regional Council of Carpenters' Fund;
BRIAN McGLONE, Management                :
Trustee of Northeast Regional Council
of Carpenters' Fund; JOHN O'HARE,        :
Management Trustee of Northeast
Regional Council of Carpenters' Fund;    :
F. MATTHEW PEPE, Management
Trustee of Northeast Regional Council    :
of Carpenters' Fund; ROBERT POLISANO,
Management Trustee of Northeast          :
Regional Council of Carpenters' Fund;
ADAM SCHMIT, Management Trustee          :
 of Northeast Regional Council of
Carpenters' Fund; ALAN SEIDMAN,          :
Management Trustee of Northeast
Regional Council of Carpenters' Fund;    :
BRAD WALTERS, Management Trustee
of Northeast Regional Council of         :
Carpenters' Fund; DARYL BODEWES,
Council Member/Warden of Northeast       :
Regional Council of Carpenters' Fund;
THOMAS BUCCO, Council                    :
Member/Conductor of Northeast
Regional Council of Carpenters' Fund;    :
DAN CHRISTY, Council Member/
Executive Board Member of Northeast      :
Regional Council of Carpenters' Fund;
EUSTACE EGGIE, Council Member/
Executive Board Member of Northeast      :
Regional Council of Carpenters' Fund;
JOSEPH ELMO, Council Member/
Executive Board Member of Northeast      :
Regional Council of Carpenters' Fund;
EDWARD ENDERS, Council Member/           :
Executive Board Member of Northeast
Regional Council of Carpenters' Fund;    :

3

PETER GOWING, Council Member/
Executive Board Member of Northeast   :
Regional Council of Carpenters' Fund;
DANIEL SOUZA, Council Member/        :
Executive Board Member of Northeast
Regional Council of Carpenters' Fund; :
JONATHAN YOUNG, Council Member/
Executive Board Member of Northeast   :
Regional Council of Carpenters' Fund;
                                      :
     Defendants.

Plaintiff, George R. Laufenberg, through his attorneys Law Offices of Peter W. Till, 105 Morris Avenue, Suite 201, Springfield, New Jersey 07081, as and for the Complaint against the Defendants allege as follows:

## JURISDICTION AND VENUE

1. Plaintiff, George R. Laufenberg, resides at 2344 Ramshorn Drive, #63, Borough of Allenwood, County of Monmouth, State of New Jersey 08720.

2. The Defendants Northeast Carpenters' Funds, New Jersey Carpenters' Fund, and New Jersey Carpenters' Pension Fund are located at and having their principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey.

3. The Plaintiff was the Administrator of the Defendants/Labor Trustees of Northeast Regional Council of Carpenters' Fund located at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey until his wrongful termination on December 21, 2016.

4

## THE PARTIES

4.    The Defendants/Labor Trustees of Northeast Regional Council of Carpenters' Fund have their principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey.

5.    The Defendant New Jersey Carpenters Health Fund have their principal offices at Raritan Center II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey.

6.    The Defendant Labor and Management Trustee of the Northeast Regional Council of Carpenters' Fund are the Trustees of the Carpenters Annuity Fund, the Carpenters' Retirement Fund, and the Carpenters' Additional Security Benefits Fund.

7.    The Plaintiff participated in the New Jersey Carpenters' Pension Fund before it was merged into the Northeast Carpenters' Pension Fund (the "Pension Fund" or the "Retirement Fund").

8.    The Annuity Fund was established pursuant to an Agreement and Declaration of Trust in 1982 which has been amended from time to time.

9.    The Annuity Fund pays or provides annuity benefits to participants of the Annuity Fund.

10.    The Retirement Fund was established pursuant to an Agreement and Declaration of Trust in 1958, which has been amended from time to time.

11.    The Retirement Fund pays or provides retirement benefits to participants of the Retirement Fund.

12.     The Additional Security Benefits Fund (hereinafter referred to as "ASB Fund") was established pursuant to an Agreement and Declaration of Trust over multiple years, which has been amended from time to time.

13.      The ASB Fund pays or provides certain supplemental benefits, such as health insurance coverage, vacation, unemployment, workers' compensation, all unreimbursed medical expenses and death benefits, to participants of the ASB Fund of which the Plaintiff was a participant since his employment was original commenced and with the establishment of each benefit.

14.     The Benefit Funds are "employee benefit plans" established pursuant to 29 U.S.C. Section 186(c)(5), 29 U.S.C. Sections 1002(a), 1002(2), 1002(3) and 1132(d)(1), and are multi-employer Taft-Hartley plans with the meaning of 29 U.S.C. Sections 1002(37) and 1145.

15.     The collective purpose of the Benefit Funds is to provide retirement benefits and various fringe benefits to eligible employees on whose behalf employers contribute to the Benefit Funds, pursuant to collective bargaining agreements between certain employers in the construction industry and the Northeast Carpenters Union (the "Union").

16.     The Union is a local labor organization currently composed of more than 30,000 members representing, *inter alia*, employees of employers who are working in and around New Jersey and the Greater New York Metropolitan area.

17.     The Defendant Robert Naughton is a Labor Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested

and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff as set forth hereinbelow.

18.     The Defendant Robert Satriano is a Labor Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff as set forth hereinbelow.

19.     Defendant Michael Shanahan is a Labor Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

20.     Defendant William Sproule is a Labor Trustee and President of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

21.     Defendant Frederick Swayze, Jr. is a Labor Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

22.    Defendant Robert Tarby is a Labor Trustee of the Northeast Regional Council of
Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818,
Township of Edison, County of Middlesex, State of New Jersey, duly vested and
otherwise authorized to vote on matters, which authority was wrongfully exercised with
respect to the Plaintiff set forth hereinbelow.

23.    Defendant Anthony Verrelli is a Labor Trustee of the Northeast Regional Council
of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818,
Township of Edison, County of Middlesex, New Jersey, duly vested and otherwise
authorized to vote on matters, which authority was wrongfully exercised with respect
to the Plaintiff set forth hereinbelow.

24.    Defendant Peter Woodward is a Labor Trustee of the Northeast Regional Council
of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818,
Township of Edison, County of Middlesex, State of New Jersey, duly vested and
otherwise authorized to vote on matters, which authority was wrongfully exercised with
respect to the Plaintiff set forth hereinbelow.

25.    Defendant John Ballantyne is a Labor Trustee and Executive Secretary-Treasurer
of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan
Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of
New Jersey, duly vested and otherwise authorized to vote on matters, which authority
was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

26.    Defendant William Banfield is a Labor Trustee and Second Vice President of the
Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza
II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New

Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

27.    Defendant Scott Colton is a Labor Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

28.    Defendant Michael DeRosa is a Labor Trustee and Executive Board Member of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

29.    Defendant David Haines is a Labor Trustee and First Vice President of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

30.    Defendant Paul Leo is a Labor Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

31.     Defendant Alex Lopez is a Labor Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

32.     Defendant Thomas Mairs is a Labor Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

33.     Defendant James Malcolm is a Labor Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

34.     Defendant John DeLollis is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

35.     Defendant Robert Epifano is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested

and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

36.    Defendant Glenn Garlatti is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

37.    Defendant Earl R. Hall is Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

38.    Defendant Mark Hall is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

39.    Defendant Todd Helfrich is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

11

40.    Defendant Aaron Hilger is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

41.    Defendant Eric Jensen is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

42.    Defendant Brad Jorrey is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

43.    Defendant Jack Kocsis is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

44.    Defendant James Logan is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested

and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

45.     Defendant Brian McGlone is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

46.     Defendant John O'Hare is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

47.     Defendant F. Matthew Pepe is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

48.     Defendant Robert Polisano is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

49.     Defendant Adam Schmit is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

50.     Defendant Alan Seidman is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

51.     Defendant Brad Walters is a Management Trustee of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

52.     Defendant Daryl Bodewes is a Council Member/Warden of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

53.     Defendant Thomas Bucco is a Council Member/Conductor of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly

vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

54.     Defendant Dan Christy is a Council Member/Executive Board Member of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

55.     Defendant Eustace Eggie is a Council Member/Executive Board Member of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

56.     Defendant Joseph Elmo is a Council Member/Executive Board Member of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

57.     Defendant Edward Enders is a Council Member/Conductor of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

58.     Defendant Peter Gowing is a Council Member/Executive Board Member of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

59.     Defendant Daniel Souza is a Council Member/Executive Board Member of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

60.     Defendant Jonathan Young is Council Member/Executive Board Member of the Northeast Regional Council of Carpenters' Fund with principal offices at Raritan Plaza II, Post Office Box 7818, Township of Edison, County of Middlesex, State of New Jersey, duly vested and otherwise authorized to vote on matters, which authority was wrongfully exercised with respect to the Plaintiff set forth hereinbelow.

61.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 (a) because the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and the Plaintiff and Defendants are citizens of different States.

62.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331, 29, U.S.C. Section 1332(e)(1) and 28 U.S.C. Section 1367.

63.     Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a) and (c).

64.     Venue is further proper in this district, pursuant to 29 U.S.C. Section 1332€(2), because the four (4) Benefit Funds, as hereinafter defined, were administered in this

district, Defendants' breadth of fiduciary duties to the Plaintiff to place in this district, and the Defendants reside in or may be found in this district.

## NATURE OF THE ACTION

65.     This is an action for damages and equitable relief pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Sections 1001, et seq. and New Jersey State law.

66.     As fiduciaries of the ERISA plans or benefit funds (the "Funds" or "Benefit Funds") described below, the Plaintiff brings this action, pursuant to 29 U.S.C. Section 1132(a)(2) and (a)(3) and New Jersey State law, against these Defendants, also fiduciaries of said Benefit Funds, for having wrongfully denied and/or mismanaged the Benefit Funds, thereby breaching the fiduciary duties they owed to the Plaintiff.

67.     On December 20, 2016, the Plaintiff was asked to attend a meeting with Defendant John Ballantyne, the Funds Attorneys Mr. Widman and Mr. Kroll, the Management Co-Chairman Mr. John DeLolliss and Vice Chair Jack Kocsis.

68.     At that conference the Plaintiff was asked to take a seat next to the "Funds" Attorney Mr. Widman and directly across from the Defendant John Ballantyne.  They proceeded with questions of the Plaintiff about receiving his pension since October, 2015.  The Plaintiff responded that as and because he was then sixty-five (65) years old, he commenced collection of his pension, to which he believed he was entitled and also continue working.

69.     They confronted the Plaintiff and accused him of self-dealing and that the Plaintiff would have to repay the pension payments already received.

70.   After further inquiry, the Plaintiff then responded that since 2001 he was in receipt of, on a quarterly basis, his annuity contribution for which taxes were paid.

71.   The attorney for the Board of Trustees, Mr. Jack Widman responded that the Plaintiff would have to return and reimburse the annuity contribution previously taken without identification of a sum certain.

72.   The Plaintiff responded that the Funds' accountant (David Evangelista) had previously reviewed the subject of the Plaintiff collecting his pension upon reaching the age of sixty-five (65) at the prior September 2015 Board of Trustees meeting.

73.   The Plaintiff awaited a response from the Funds' attorney and with no response forthcoming the Plaintiff then commenced his pension on October 1, 2015.

74.   The Funds' attorney, Mr. Jack Widman claimed he did not remember what wa previously discussed with the Fund's accountant (David Evangelista).

75.   Accordingly, the Plaintiff asked Mr. Jack Widman to kindly to put in writing how the Trustees of the Funds would like to proceed.

76.   On Wednesday, December 21, 2016 the Plaintiff received the Trustees of the Funds ultimatum, at approximately 12:00 noon, to retire on December 29, 2016 or be terminated on December 23, 2016.

77.   Agreement to that ultimatum would and now immediately results in the Plaintiff forfeiting over one million ($1,000,000) dollars of compensation to be paid pursuant to the Plaintiff's Employment Contract.

78.   Accordingly, the Plaintiff announced his refusal to that ultimatum and decided not to retire, with no further discussion of the matters reviewed on December 20, 2016.

79.   The Plaintiff made attempts to connect with the Funds' attorney, Mr. Jack Widman and finally on Thursday, December 22, 2016 did receive a return telephone call from Funds' attorney, Mr. Jack Widman, who again asked the Plaintiff if he had decided whether to tender his resignation or not.

80.   The Plaintiff advised he was compelled to seek legal advice and would then reply.

81.   The Plaintiff then received another telephone call from Funds' Attorney, Mr. Widman where the Plaintiff advised that he would not agree to retire, whereupon Mr. Jack Widman directed that the Plaintiff was to clear out his office that night (December 22, 2016) and not return.

82.   The Plaintiff was fired by the Trustees on Thursday, December 22, 2016 although he had been originally advised that termination would be effective Friday, December 23, 2016.

83.   Since Thursday, December 22, 2016 the deferred compensation portion of Plaintiff's pension payments have been frozen and stopped.  That pension payment stands in excess of $14,000.00 a month and through the month of February, 2017 the Fund has now wrongfully withheld two (2) months payments and there is no indication that said pension payments will be resumed at any time now or in the future.

84.   The Fund has also unilaterally and intentionally denied the Plaintiff access to his annuity amount.   That annuity account contains in excess of Seven Hundred Thousand Dollars ($700,000.00).

As of this date, the Fund continues to wrongfully withhold payment and otherwise deny the Plaintiff access to those annuity account funds and there is no indication that said annuity account payments will be resumed at any time now or in the future.

85.  The Fund has also wrongfully, unilaterally and intentionally denied the Plaintiff payment of his salary under the Plaintiff's Employment Contract.

As of this time, the Fund has wrongfully withheld two (2) months payments, totaling $28,903.00, to date and there is no indication that payments under said Employment Contract will be resumed at any time now or in the future.

86.  On Thursday, December 22, 2016 the Plaintiff departed his office and drove his business automobile home where it was left directly in front of his house after which it was retrieved by the Fund.

87.  The Plaintiff also left all of the business credit cards in his office simultaneously with his departure on December 22, 2016.

88.  The Plaintiff had previously purchased an iPhone and iPad for office use with personal funds and was requested to keep all business information confidential which was done.

89.  The Defendant Executive Secretary-Treasurer John Ballantyne then wrongfully, maliciously and deliberately proceeded with the publication of a press release announcing the Plaintiff's firing, and has further personally directed the issuance and publication of two (2) separate emails to the entire Union membership and then followed by correspondence to the entire membership again wrongfully, maliciously and deliberately restating and repeating his press release, all of which has portrayed the Plaintiff "in a false light."

20

90.   The press releases, emails and correspondence were transmitted to the entire Northeast Regional Council of Carpenters membership by the Defendant Executive Secretary-Treasurer John Ballantyne was intentionally and deliberately falsely published without basis and intended to again portray the Plaintiff "in a false light."

91.   From the outset, the Plaintiff received no explanation of the purported allegations, either from the Trustees or through Fund counsel, Mr. Jack Widman, specifically as to any questions about "self-dealing."

92.   At the meeting in which it is now clear that a deliberate pre-judgment had been reached, the Plaintiff responded without reservation and with full clarity about the proper exercise of his rights as enumerated above.

93.   The freezing of the Plaintiff's pension was utterly premature, wrong, deliberate, without an accounting and without authority and otherwise done to intentionally and deliberately exact injury upon the Plaintiff.

94.   The Plaintiff had been employed by the Fund office since 1984, with never so much as a suggestion of any kind, with respect to his fidelity and his performance as Administrator on behalf of the Funds.

95.   During his time as Administrator, there were no matters or issues as to jeopardy and/or financial integrity of the Funds.

96.   Any and all annual audits by independent accounting firms and United States Internal Revenue Service confirmed that the financial integrity of the "Funds" throughout the Plaintiff's administrative leadership as being utterly and completely intact.

97.   Nevertheless, the Plaintiff was terminated on December 23, 2016 with four (4) years left on his employment contracts.  The employment contracts have in the past and that currently in effect were initially entered into between the Plaintiff and the then Trustees of the Funds in 1998 (the "Employment Contract").  The Employment Contracts renewed for 5 year periods after initial establishment, unless the Trustees of the Funds terminated the Employment Contracts within a specified time preceding the expiration of each 5 year renewal.

98.   In accordance with his annual salary ($286,845.00) the Trustees consistently awarded the Plaintiff at least one week holiday bonus pay based upon the number of years of employment.  The consistent award of the holiday bonus pay to the Plaintiff is further evidence of the Trustee's recognition of the Plaintiff's excellent administering the Funds.  That bonus has also now been wrongfully and deliberately denied to the Plaintiff despite the fact of his entitlement pursuant to the Employment Contracts.

99.    The Plaintiff's annual salary as of December 20, 2016, was $286,845.00.  With four (4) years left on the Plaintiff's Employment Contract the Plaintiff is immediately entitled to the sum of $1,147,380.00 in wages.

100. The Employment Contracts further provided for a ten (10%) percent annual annuity contribution.

101. The Plaintiff is further eligible to collect his pension (both qualified and deferred pension benefit, pursuant to a Supplement Executive Retirement Plan "SERP") totaling $672,000.00 for the next four (4) years and there is no indication that said pension payment will be resumed at any time now or in the future.

22

102. The Fund is currently only paying the "qualified pension amount" which is the sum of $10,000.00 per month and has otherwise wrongfully and deliberately froze $14,000.00 per month which is the "deferred pension amount," which now totals as due and owing $28,000.00 for the months of January 2017 and February 2017 and there is no indication that it will be resumed at any time now or in the future.

103. The Fund has further wrongfully and deliberately denied access to and froze the Plaintiff's annuity which has $700,000.00 in the Plaintiff's money purchase annuity account, while also wrongfully and deliberately blocking access to another profit sharing account containing $24,000.00. The Plaintiff has an absolute legal right to these accounts. The withholding of payment and return of said funds to the Plaintiff is illegal and a malicious action by the Trustees of the Funds.

104. The total loss, not including health coverage and various other benefits, pursuant to the terms and conditions of the Employment Contracts, is presently set at $1,933,760.00.

105. The Fund has wrongfully, deliberately, maliciously, unilaterally and illegally denied the Plaintiff access and otherwise froze the above set forth funds. Under the Fund's contractual obligations, Plaintiff is now seeking judgment for these monies.

## FIRST COUNT
### (Fraud)

106. Plaintiff repeats the allegations set forth in Paragraphs 1 through 105 as set forth herein at length.

107. The Fund made the above stated representations with respect to the Plaintiff's employment with the intent that Plaintiff rely upon them.

23

108. The Defendants have no basis upon which to deny the Plaintiff all of his compensations and knew that the above stated representations on or after December 20, 2016 were false at the time that they were made to Plaintiff.

109. The Plaintiff reasonably relied on the terms and conditions of the Employment Contract and additional terms and conditions of the Benefit Funds.

110. As a result of the Plaintiff's reliance on Defendants' representations and the Defendants' breach of those contractual conditions, the Plaintiff has incurred damages.

**WHEREFORE** the Plaintiff demands judgment on this Count against the Defendants as follows:

      (a) for compensatory damages, general and special and against the Pension Fund which paid Plaintiff's salary pursuant to his Employment Contract through December 31, 2015 and the Health Fund which paid Plaintiff's salary on and after January 1, 2016 and the payment of benefits which flowed therefrom;

      (b) for punitive damages;

      (c) for interest;

      (d) for costs of suit;

      (e) for attorneys' fees; and

      (f) for such other relief as the Court deems just.

**SECOND COUNT**
**(Equitable Fraud)**

111. The Plaintiff repeats the allegations set forth in Paragraphs 1-110 as set forth herein at length.

112. Defendants made the above stated representations with the intent that the Plaintiff reply upon them.

113. The Plaintiff believed the representations to be true at the time that they were made.

114. The Plaintiff reasonably relied on the above stated representations.

115. As a result of the Plaintiff's reliance on Defendants' representations, the Plaintiff incurred damages.

**WHEREFORE** the Plaintiff demands judgment on this Count against the Defendants as follows:

(a) for compensatory damages, general and special and against the Pension Fund which paid Plaintiff's salary pursuant to his Employment Contract through December 31, 2015 and the Health Fund which paid Plaintiff's salary on and after January 1, 2016 and the payment of benefits which flowed therefrom;

(b) for punitive damages;

(c) for interest;

(d) for costs of suit;

(e) for attorneys' fees; and

(f) for such other relief as the Court deems just.

### THIRD COUNT
### (Negligent Misrepresentation)

116. The Plaintiff repeats the allegations set forth in Paragraphs 1-115 as set forth herein at length.

117. The Defendants above stated representations were negligently made.

118. The above stated representations were false when made.

119. The Plaintiff believed the representations to be true at the time that they were made.

120. The Plaintiff relied on the above stated representation.

121. As a result of the Plaintiff's reliance on Defendants' representations, the Plaintiff incurred damages.

WHEREFORE the Plaintiff demands judgment on this Count against the Defendants as follows:

(a) for compensatory damages, general and special and against the Pension Fund which paid Plaintiff's salary pursuant to his Employment Contract through December 31, 2015 and the Health Fund which paid Plaintiff's salary on and after January 1, 2016 and the payment of benefits which flowed therefrom;

(b) for punitive damages;

(c) for interest;

(d) for costs of suit;

(e) for attorneys' fees; and

(f) for such other relief as the Court deems just.

## FOURTH COUNT
### (Unjust Enrichment)

122. The Plaintiff repeats the allegations set forth in Paragraphs 1-121 as set forth herein at length.

123. The Defendants received and continue to wrongfully retain and have frozen the Plaintiff's monies and to which Plaintiff is lawfully and immediately entitled.

124. Any reason for continuing with the present campaign of denying the Plaintiff his compensation and retirement monies, such reasons for such denial are otherwise false and pretextual and specifically are designed to deny said funds which the Plaintiff has worked his entire career to earn.

125. By virtue of Defendants' retention of said funds, it has been unjustly enriched.

**WHEREFORE** the Plaintiff demands judgment on this Count against the Defendants as follows:

  (a) for compensatory damages, general and special and against the Pension Fund which paid Plaintiff's salary pursuant to his Employment Contract through December 31, 2015 and the Health Fund which paid Plaintiff's salary on and after January 1, 2016 and the payment of benefits which flowed therefrom;

  (b) for punitive damages;

  (c) for interest;

  (d) for costs of suit;

  (e) for attorneys' fees; and

  (f) for such other relief as the Court deems just.

## FIFTH COUNT
### (Breach of Contract)

126. The Plaintiff repeats the allegations set forth in Paragraphs 1-125 as set forth herein at length.

127. As aforementioned, on or about 1984 Plaintiff entered into an employment contract with Defendants, which was amended in 1998 to the current Employment Agreement,

whereby Plaintiff was retained as Administrator and Fund Manager to the Benefit Funds and is entitled to benefits thereunder.

128. Now in breach of said Employment Contract and the provisions of the Benefit Funds, the Defendants have retained millions of dollars in amounts clearly owed to the Plaintiff.

129. There is no justification for Defendants to withhold these amounts with respect to the services provided by the Plaintiff over a significant number of years.

**WHEREFORE** the Plaintiff demands judgment on this Count against the Defendants as follows:

      (a) for compensatory damages, general and special and against the Pension Fund which paid Plaintiff's salary pursuant to his Employment Contract through December 31, 2015 and the Health Fund which paid Plaintiff's salary on and after January 1, 2016 and the payment of benefits which flowed therefrom;

      (b) for punitive damages;

      (c) for interest;

      (d) for costs of suit;

      (e) for attorneys' fees; and

      (f) for such other relief as the Court deems just.

**SIXTH COUNT**
**(Common Law Fraud)**

130. The Plaintiff repeats the allegations set forth in Paragraphs 1-129 as set forth herein at length.

131.   In connection with the Benefit Funds, Defendants, directly and indirectly, alone and in concert, knowingly or with reckless disregard, employed devices, schemes and artifices to defraud, make untrue statements of material facts, and/or omit to state necessary material facts in order to make statements egregiously misleading, and aided and abetted each other and others who may have worked together with them, in all such fraudulent conduct to deny Plaintiff his earned contractual payments and benefits.

132.   Throughout the course of dealing with the Benefit Funds, the Defendants through the Trustees made statements written or oral to the effect that these were legitimate contractual payments and benefits to which the Plaintiff was fully entitled.

In addition, payments to the Plaintiff were fully and properly reflected on Internal Revenue Service Forms W-2 and Form 990s.

Additionally, counsel, accountants and actuaries paid by the Defendants Trustees and/or Benefits Funds had full and unrequited access to said information and were otherwise fully apprised of any allegation.

The denial of all entitlements to the Plaintiff on the grounds that the Defendants were without knowledge of the pension and other benefits owed to the Plaintiff and payments owed to the Plaintiff under the Employment Contract, is false, otherwise without support and wrongful and illegal conduct by the Defendants.

133.   It is now clear that representations and promises were made by the Defendants with the intent to deceive the Plaintiff.

134.   The Plaintiff did not know of the falsity of the representations.

135.   The Plaintiff reasonably relied upon such representations to his detriment.

136. The representations were material and the Plaintiff reasonably relied upon the representations of Defendants.

137. The Defendants knew the Plaintiff was relying on their representations that payments under the Employment Contract and amounts held under the Funds would be available.

138. Thus, Defendants have deceived Plaintiff and defrauded the Plaintiff by withholding and freezing the above funds due to the Plaintiff.

139. At all relevant times, Plaintiff did not know of the untruths and misrepresentations described above.

140. To the contrary, Plaintiff relied in good faith upon the statements and representations of Defendants and Plaintiff believed those representations to be true and complete and did not have knowledge that payments and benefits would be denied to the Plaintiff based on false allegations.

141. By reason of the foregoing, Plaintiff has been damaged in an amount as yet to be determined, but believed to exceed five million ($5,000,000.00) dollars and Plaintiff is entitled to punitive damages from the Trustees in an amount to be determined at trial.

**WHEREFORE** the Plaintiff demands judgment on this Count against the Defendants as follows:

(a) for compensatory damages, general and special and against the Pension Fund which paid Plaintiff's salary pursuant to his Employment Contract through December 31, 2015 and the Health Fund which paid Plaintiff's salary on and after January 1, 2016 and the payment of benefits which flowed therefrom;

30

(b) for punitive damages;

(c) for interest;

(d) for costs of suit;

(e) for attorneys' fees; and

(f) for such other relief as the Court deems just.

<u>**SEVENTH COUNT**</u>
<u>**(Conversion)**</u>

142. The Plaintiff repeats the allegations set forth in Paragraphs 1-141 as set forth herein at length.

143. Defendant Trustees have misappropriated and converted for their own use the Benefit Funds' assets without the consent of Plaintiff.

144. Despite due demand, Defendants have failed and refused to provide such documentation as well as an accounting to establish the bona fides of Defendants' withholding and freezing of all of the Plaintiffs accounts.

145. As a direct and proximate result of the unlawful misappropriation and conversion of the Plaintiff's assets the Plaintiff has been and continues to be damaged in an amount as yet to be determined, but believed to exceed five million ($5,000,000.00) dollars.

146. In misappropriating and converting the Plaintiff's assets, the Defendants have been guilty of oppression, fraud and malice, and have acted in conscious disregard to the Plaintiff's rights, entitling Plaintiff to recover punitive damages against the Trustees in an amount as yet to be determined, but believed to exceed five million ($5,000,000.00) dollars.

**WHEREFORE** the Plaintiff demands judgment on this Count against the Defendants as follows:

(a) for compensatory damages, general and special and against the Pension Fund which paid Plaintiff's salary pursuant to his Employment Contract through December 31, 2015 and the Health Fund which paid Plaintiff's salary on and after January 1, 2016 and the payment of benefits which flowed therefrom;

(b) for punitive damages;

(c) for interest;

(d) for costs of suit;

(e) for attorneys' fees; and

(f) for such other relief as the Court deems just.

## EIGHTH COUNT
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

147. The Plaintiff repeats the allegations set forth in Paragraphs 1-146 as set forth herein at length.

148. In entering into the contracts with Defendants, Plaintiff reposed trust and confidence in Defendants, to, among other things, deal with the Benefit Funds fairly in all of their affairs.

149. Defendants knew of and accepted such trust and confidence at the time they entered into the contract with the Plaintiff.

150. In entering into the contracts with the Plaintiff, Defendants impliedly covenanted that they would deal with the Plaintiff fairly and in good faith and would not capriciously

or without good cause deprive the Plaintiff of the benefits under the Benefit Funds or payments under the Plaintiff's Employment Contract.

151.   By its act, Defendants have breached their covenant of good faith and fair dealing towards Plaintiff.

152.   In breaching their covenant of good faith and fair dealing towards Plaintiff, Defendants have been guilty of oppression, fraud and malice, and have acted in conscious disregard of Plaintiff's rights, entitling Plaintiff to recover punitive damages in an amount as yet to be determined, but believed to exceed five million ($5,000,000.00) dollars.

**WHEREFORE** the Plaintiff demands judgment on this Count against the Defendants as follows:

(a) for compensatory damages, and general and special damages against the Pension Fund which paid Plaintiff's salary pursuant to his Employment Contract through December 31, 2015 and the Health Fund which paid Plaintiff's salary on and after January 1 2016 and the payment of benefits which flowed therefrom;

(b) for punitive damages;

(c) for interest;

(d) for costs of suit;

(e) for attorneys' fees; and

(f)  for such other relief as the Court deems just.

**LAW OFFICES OF PETER W. TILL**
Attorneys for the Plaintiff

Dated: February 21, 2017                    BY:_____/s/ Peter W. Till_____
                                                                        Peter W. Till

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

**LAW OFFICES OF PETER W. TILL**
Attorneys for the Plaintiff

Dated: February 21, 2017                    BY:___/s/  Peter W. Till_____
                                                                        Peter W. Till

### CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other Court, arbitration or administrative proceeding.

**LAW OFFICES OF PETER W. TILL**
Attorneys for the Plaintiff

Dated: February 21, 2017                    BY:___/s/ Peter W. Till_____
                                                                        Peter W. Till

## CERTIFICATION PURSUANT TO LOCAL RULE 201.1

Plaintiff, George R. Laufenberg, through its undersigned counsel, hereby certifies that the damages recoverable in this action exceed $150,000, exclusive of interest, costs and any claim for punitive damages.

**LAW OFFICES OF PETER W. TILL**
Attorneys for the Plaintiff

Dated: February 21, 2017          BY:   /s/ Peter w. Till
                                            Peter W. Till

35